**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Philip Ticktin, ) | No. CV 08-998-PHX-MHM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Central Intelligence Agency, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Currently before the Court is the Central Intelligence Agency's ("Defendant") Motion to Dismiss. (Dkt. #22). Philip Ticktin ("Plaintiff") filed a Response to the Motion to Dismiss on October 6, 2008. (Dkt. #23; see also Dkt. #25, p.1). Defendant thereafter filed a Reply in Support of the Motion to Dismiss (Dkt. #24), to which Plaintiff filed "Plaintiff's Correction of Record of Defendants Reply in support of motion to dismiss" (Dkt. #25). After reviewing the pleadings, the Court issues the following order.

**I.   BACKGROUND**

On May 29, 2008, Plaintiff filed a Complaint against the Central Intelligence Agency ("CIA"), alleging that the it "has been instrumental in [Plaintiff's] economic and other harassment, as interference of employment, for a period of 6 years." (Dkt. #1). Plaintiff also sought to proceed in forma pauperis. (Dkt. #s 3, 7). The Court reviewed Plaintiff's Complaint pursuant to 28 U.S.C. 1915(e)(2) and dismissed the Complaint for failure to comply with Fed.R.Civ.P. 8(a). (Dkt. #6). However, the Court granted leave to

1  amend the Complaint, and on June 12, 2008, Plaintiff filed an Amended Complaint,
2  asserting diversity jurisdiction, and alleging that "[a]s a result of the CIA's activities,
3  [Plaintiff's] employment and life has been consistently interrupted for the last 6 years,
4  threats have been made, successive offers of employment that are not real labor, assaults,
5  as in an attempt to run plaintiff off the road."  (Dkt. #9, p.2).  Plaintiff seeks injunctive
6  relief, stating that he wants Defendant to "cease and desist from such further harassment."
7  (Id.).

8  Attached as Exhibits to Plaintiff's Amended Complaint are, among other things,
9  written letters from the CIA and National Security Agency ("NSA"), denying Plaintiff's
10 Freedom of Information Act ("FOIA") requests with respect to various companies.
11 Plaintiff alleges that the exhibits establish that "[Vertilux] and Hunter Douglas were front
12 Corporations for the [CIA] and is [sic] actually involved in the distribution of illegal
13 narcotics and money laundering"; "Hunter Douglas, Vertilux and every other company
14 that has since solicited the plaintiff to work has been protected by Executive order and it
15 appears for a protracted time that the fabric industry has been used as a benign cover for
16 these other activities."  (Id.).

17 Defendant filed the instant Motion to Dismiss Plaintiff's Amended Complaint for
18 lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), failure to state a
19 claim pursuant to Fed.R.Civ.P. 12(b)(6), and failure to comply with Fed.R.Civ.P. 8(a)(2).
20 (Dkt. #22, pp. 1-2).

21 **II.    LEGAL STANDARD**

22 The Court must liberally construe pleadings submitted by a pro se claimant,
23 affording the claimant the benefit of any doubt.  Karim-Panahi v. L.A. Police Dep't, 839
24 F.2d 621, 623 (9th Cir. 1988).  However, the Court "may not supply essential elements of
25 the claim that were not initially pled."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th
26 Cir. 1982).

1           On a motion to dismiss under Rule 12(b)(1), a district court "is not limited to the
2   facts asserted in the complaint, nor is the court required to assume the truthfulness of the
3   factual allegations within the complaint." Taha v. C.I.A., 2007 WL 4287598, at *1 (D.
4   Or. 2007) (citing Americopters, LLC v. FAA, 441 F.3d 726, 732 n.4 (9th Cir. 2006)).
5   "The party asserting jurisdiction bears the burden of proving that the court has subject
6   matter jurisdiction over his claims." Id. (citing Kokkonen v. Guardian Life Ins. Co., 511
7   U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside [the court's] limited
8   jurisdiction, [ ] and the burden of establishing the contrary rests upon the party asserting
9   jurisdiction.")); see also Thornhill Publ'n v. General Tel. & Elecs. Corp., 594 F.2d 730,
10  733 (9th Cir. 1979).

11          To survive a motion to dismiss for failure to state a claim under Fed.R.Civ.P.
12  12(b)(6), the plaintiff must allege facts sufficient "to raise a right to relief above the
13  speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965
14  (2007); see also Morley v. Walker, 175 F.3d 756, 759 (9th Cir. 1999) ("A dismissal for
15  failure to state a claim is appropriate only where it appears, beyond doubt, that the
16  plaintiff can prove no set of facts that would entitle it to relief."). In evaluating such a
17  motion to dismiss, a district court need not limit itself to the allegations in the complaint;
18  courts may take into account "facts that are [ ] alleged on the face of the complaint [and]
19  contained in documents attached to the complaint." Knievel v. ESPN, 393 F.3d 1068,
20  1076 (9th Cir. 2005). In addition, "all well-pleaded allegations of material fact are taken
21  as true and construed in a light most favorable to the nonmoving party." Wyler Summit
22  Partnership v. Turner Broad. Sys. Inc., 135 F.3d 658, 661 (9th Cir. 1998). However, "the
23  court [is not] required to accept as true allegations that are merely conclusory,
24  unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State
25  Warriors, 266 F.3d 979, 988 (9th Cir. 2001).
26  //
27  //
28

## III. DISCUSSION

Defendant moves to dismiss Plaintiff's Amended Complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted because: (1) Plaintiff has "not met his burden of asserting a waiver of sovereign immunity"; (2) Plaintiff's claims "are so patently frivolous as to be devoid of merit and, therefore, under the 'substantiality doctrine' are not sufficient to invoke this Court's jurisdiction; (3) Plaintiff fails "to state allegations that [can] be construed as statutory, common law or constitutional claim and, therefore, he did not comply with the pleading requirements fo Fed. R. Civ. P. 8(a)(2)." (Dkt. #24, p.1). In his Response and "Correction of Record," Plaintiff contends that the CIA has engaged in illegal and criminal activities and that "[s]overeign [i]mmunity is waived the moment any [f]ederal agency has operated outside its statutory bounds and can be substantiated to have been negligent." (Dkt. #25, p.2). Plaintiff also contends that the substantiality doctrine does not apply because he has alleged conspiracy claims against the CIA, "an agency whose very function is covering itself by the mask of the unbelievable, of obfuscation, murder, mayhem." (Dkt. #24, p.2). Plaintiff further states that "[t]his is not an action in tort . . . . It is not about a contract either[,]" but instead about "negligence" in relation to the CIA "black operations." (Dkt. #25, p.2).

First, it is well established that "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suits." FDIC v. Meyer, 510 U.S. 471, 475 (1994); Balser v. Dep't of Justice, 327 F.3d 903, 907 (9th Cir. 2003), cert. denied, 124 S. Ct. 2159 (2004). In addition, a plaintiff has the burden of asserting the specific provisions that waive sovereign immunity. Holloman v. Watt, 708 F.2d 1399, 1401 (9th Cir. 1983).

Here, Plaintiff cites diversity, 28 U.S.C. § 1332, as a basis for jurisdiction. However, diversity does not provide a waiver of sovereign immunity. See Berman v. United States, 264 F.3d 16, 20 (1st Cir. 2001) ("General jurisdictional statutes . . . do not waive sovereign immunity and therefore cannot be the basis for jurisdiction over a civil action against the federal government.). Plaintiff identifies no explicit waiver of

sovereign immunity, and thus Plaintiff's claims must be dismissed for lack of subject matter jurisdiction.

Second, "[t]o the extent plaintiff attempts to introduce other federal officials, sovereign immunity also shields individual federal officers named in their official capacities." Taha, 2007 WL 4287598, at *1 (citing Gilbert v. DaGrossa, 756 F.2d 1455, 1458-59 (9th Cir. 1985)). And, "[t]o the extent plaintiff names other federal officials in their individual capacities, no respondeat superior liability exists for alleged constitutional violations." Id. (citing Terrell v.. Brewer, 935 F.2d 1015, 1018 (9th Cir. 1991)).

However, actions arising out of a negligent or wrongful act or omission of an employee of the federal government while acting within the scope of his or her office or employment may be brought pursuant to the Federal Tort Claims Act ("FTCA"). But the United States, not its agencies, is the only proper federal defendant in an action under the FTCA, and there is no jurisdiction as to individual federal employees. 28 U.S.C. §§ 1346(b)(1) and 2679(a); Davis v. United States, 667 F.2d 822, 825 (9th Cir. 1982). In addition, the timely submission of an administrative claim to the appropriate federal agency is a jurisdictional prerequisite to an action under the FTCA. 28 U.S.C. § 2675(a); see Landreth By And Through Ore. v. United States, 850 F.2d 532, 533 (9th Cir. 1988).

Here, however, Plaintiff does not cite the FTCA; he states that "[t]his is not an action in tort." (Dkt. #25, p.3). In addition, the CIA, instead of the United States, appears to be improperly named in this action. See Dugan v. Rank, 372 U.S. 609, 620 (1963) ("The general rules is that a suit is against the sovereign . . . if the judgment would be to restrain the Government from acting, or to compel it to act."). Further, Plaintiff does not allege the timely submission of an administrative claim. Therefore, the Court cannot construe Plaintiff's Amended Complaint as stating a claim against the United States under the FTCA.

Third, "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to

1  discussion." Hagans v. Lavine, 415 U.S. 528, 537 (1974) (internal quotation marks and
2  citations omitted); Cook v. Peter Kiewit Sons Co., 775 F.2d 1030, 1035 (9th Cir. 1985)
3  ("Under the substantiality doctrine, the district court lacks jurisdiction when the question
4  presented is too insubstantial to consider.") (citations omitted).  Here, Plaintiff alleges
5  that the CIA uses at least two fabric companies as "fronts" to conduct money laundering
6  and to distribute illegal narcotics.  Plaintiff also alleges that when he began to investigate
7  these activities through FOIA requests to the CIA and NSA, the CIA and/or "alleged false
8  FBI agents" began targeting him for harassment and threats, interfered with his
9  employment, attempted to run him off the road, intended on a separate occasion to kill
10  him, and are currently tapping his phone lines and monitoring his email. (Dkt. #9, p.2;
11  Dkt. #23, pp. 3-4).  These allegations are the type of insubstantial and frivolous
12  conspiracy theory claims that are routinely dismissed under the substantiality doctrine
13  pursuant to Fed.R.Civ.P. 12(b)(1). See, e.g., Taha, 2007 WL 4287598, at *1;
14  Carone-Ferdinand v. CIA, 131 F.Supp.2d 232, 234-36 (D.D.C. 2001) (dismissing "bizarre
15  conspiracy theory" involving frivolous claims against CIA); O'Brien v. Dept. of Justice,
16  927 F.Supp. 382, 385 (D. Ariz . 1995) (holding that "bizarre" and "wholly insubstantial"
17  allegations against a federal agency cannot confer jurisdiction); O'Connor v. United
18  States, 159 F.R.D. 22, 26 (D. Md. 1994) (dismissing frivolous claims alleging unlawful
19  DEA surveillance and persecution).  Accordingly, Plaintiff's Amended Complaint must
20  also be dismissed for lack of subject matter jurisdiction under the substantiality doctrine.
21       Finally, even though pro se pleadings are held "to less stringent standards than
22  formal pleadings drafted by lawyers," Carter v. Commissioner of Internal Revenue, 784
23  F.2d 1006, 1008 (9th Cir. 1986), pro se litigants must comply with the Federal Rules of
24  Civil Procedure and "meet certain minimal standards of pleading," Holsey v. Collins, 90
25  F.R.D. 122, 128 (D. Md. 1981).  Notably, Fed.R.Civ.P. 8(a)(2) requires that a complaint
26  include "a short and plain statement of the claim showing that the pleader is entitled to
27  relief." See Walton v. Shanelec, 19 F.Supp.2d 1209, 1210 (D. Kan. 1998) ("A complaint
28  that . . . fails to plainly and concisely state the claims asserted . . . falls short of the liberal

1 and minimal standards set out in Rule 8(a)."). Here, although Plaintiff asserts that the
2 CIA acted negligently, he states that he is not asserting contract or tort claims. In
3 addition, although Plaintiff alleges that the CIA is engaged in a conspiracy to launder
4 money and to distribute narcotics, as well as threaten and harass him, Plaintiff identifies
5 no basis upon which the Court can construe a statutory, common law, or constitutional
6 claim against the United States or any of its employees, even if they were properly named
7 defendants. Therefore, for the reasons stated above, the Court must grant Defendant's
8 Motion to Dismiss Plaintiff's Amended Complaint for lack of subject matter jurisdiction
9 and failure to state a claim.

10 **Accordingly,**

11 **IT IS THEREFORE ORDERED** granting Defendant's Motion to Dismiss. (Dkt.
12 #22).

13 **IT IS FURTHER ORDERED** that Plaintiff's Amended Complaint is dismissed
14 with prejudice.

15 **IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment
16 accordingly.

17 DATED this 8th day of April, 2009.

_____
Mary H. Murguia
United States District Judge